UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAULA GAMBESKI, )<br><br>Plaintiff, )<br><br>v. )<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC., )<br><br>Defendant. ) | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UPS Supply Chain Solutions, Inc. ("UPS" or "Defendant") hereby notices the removal of this action from the Superior Court of the State of New Hampshire for Hillsborough County (the "State Court") to the United States District Court for the District of New Hampshire.   In support of this Notice of Removal, Defendant states as follows:

1.      On July 22, 2022, UPS commenced an action in the State Court, captioned *Paula Gambeski v. UPS Supply Chain Solutions, Inc.,* Civil Action No. 216-2022-CV-00429 (the "State Court Action").  The State Court Action is now pending in that court.

2.      UPS commenced the State Court Action by filing a Petition for Removal in the State Court (the "Petition"). Attached as **Exhibit A** is a copy of UPS's Petition for Removal.

3.      UPS's Petition removed to the State Court a matter previously filed by Plaintiff Paula Gambeski with the New Hampshire Commission for Human Rights (the "Commission"), in which Plaintiff asserted claims under RSA 354-A. A true and accurate copy of Plaintiff's Charge of Discrimination is attached hereto as **Exhibit B.**

4.      UPS filed its Petition pursuant to RSA 342-A:21-a, which provides, in pertinent part, that "[a]ny party alleged to have committed any practice made unlawful under this chapter [RSA 354-A] may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial."

5.      UPS's Petition was docketed by the State Court on July 22, 2022, as "Complaint – Civil." Attached as **Exhibit C** is a copy of the State Court Case Summary.

6.      On July 22, 2022, UPS served Plaintiff and the Commission with notice of its Petition. Attached as **Exhibit D** are copies of the Notice of Removal to Complainant and Notice of Removal to Executive Director of the NH Commission for Human Rights in the State Court Action.

7.      The documents attached as Exhibits A, B, C and D constitute "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a).  A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

### TIMELINESS OF REMOVAL

8.      Pursuant to 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

9.      This Court has held that a Petition removing an action from the Commission to a New Hampshire state court pursuant to RSA 342-A:21-a constitutes an "initial pleading" for purposes of 28 U.S.C. § 1446(b)(1), such that a Notice of Removal is timely if it is filed in this Court within 30 days after a Petition pursuant to RSA 342-A:21-a was filed in the state court and docketed as the Complaint therein. *See Swirk v. Liberty Mut. Inc. Co.*, Civil No. 18-cv-854-JD, 2018 WL 5729737, at *2 (D.N.H. Nov. 8, 2018), *reconsideration denied*, 2018 WL 6584884 (Nov. 14, 2018).

10.    The "initial pleading" in the State Court Action (*i.e.*, UPS's Petition) was filed on July 22, 2022, and was docketed by the State Court as Complaint – Civil on that date, *i.e.*, less than 30 days before this Notice of Removal was filed, making removal of the State Court Action to this Court timely.

11.    This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

**<u>GROUNDS FOR NOTICE OF REMOVAL - DIVERSITY OF CITIZENSHIP</u>**

12.    Plaintiff purports to bring state law claims for (a) sex discrimination; and (2) retaliation, both in violation of RSA 354-A.

13.    This action is one in which there is complete diversity among the parties.  As such, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

14.    According to her Charge of Discrimination, Plaintiff is a citizen of Bedford, New Hampshire.  (**Exhibit B**.)

15.    UPS is a corporation organized and existing under the laws of the State of Delaware.  It therefore is a citizen of Delaware for diversity purposes.

16.    To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of business normally is the state in which it maintains its main headquarters.  *Id*.  The headquarters and corporate offices of UPS are located in Georgia, which is where its officers and directors perform the company's executive and administrative functions.  Thus, UPS's principal place of business is Georgia, and UPS is a citizen of Georgia for diversity purposes.

17.    Therefore, complete diversity of citizenship exists in this action.

18.     Although Plaintiff's Charge does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  "When, as in this case, the complaint does not claim a specific amount of damages, 'the notice of removal may assert the amount in controversy.'"  *Forrence v. Koch*, 2018 DNH 140, 6 (D.N.H. Jul. 9, 2018) (quoting 28 U.S.C. § 1446(c)(2)(A)).  "Removal of an action based on an amount asserted in the notice of removal is proper 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount in section 1332(a).'"  *Id.* (quoting 28 U.S.C. § 1446(c)(2)(B)).  "Provided a plaintiff's claims are 'colorable,' the court's inquiry does not focus on their probable success but rather on 'whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth' the jurisdictional minimum."  *Oum v. Target Corp.*, 2018 DNH 119, 2 (D.N.H. 2018) (quoting *Jimenez Puig v. Avis Rent-A-Car Sys.*, 574 F.2d 37, 40 (1st Cir. 1978)).

19.     In her Charge, Plaintiff is seeking back pay, front pay, pain and suffering damages, enhanced compensatory damages, punitive damages, attorney's fees and costs, and "an additional monetary award to neutralize the 'tax bracket creep' accompanying any award," as well as educational programming and policy distribution.  *See* **Exhibit B ¶¶** 80-83.  Under New Hampshire common law, a wrongfully discharged employee may potentially recover back pay, front pay, compensatory damages, and enhanced compensatory damages.  *See Porter v. City of Manchester*, 151 N.H. 30, 43-44 (2004).  Reasonable attorney's fees are included in the amount in controversy where the plaintiff is entitled to recover attorney's fees under the relevant statute.  *See Chapman v. Anthem Health Plans of New Hampshire, Inc.*, 2005 DNH 062, 4 (D.N.H. Apr. 8, 2005).  Plaintiff would be entitled to reasonable attorney's fees if she were to prevail on her claims under RSA 354-A.  *See* RSA § 354-A:21-a(I) ("A court in cases so removed may award all damages and relief which could have been awarded by the commission . . . ."); *E.D. Swett,*

4

*Inc. v. N.H. Comm'n for Human Rights*, 124 N.H. 404, 412 (1983) (finding New Hampshire Commission for Human Rights has authority to award reasonable attorney's fees).

20.     As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

21.     Pursuant to 28 U.S.C. § 1446(d), UPS will promptly provide written notice to Plaintiff's counsel and to the Clerk of the Superior Court of Hillsborough County for the State of New Hampshire of the removal of this action to federal court.

## VENUE

22.     The United States District Court for the District of New Hampshire is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## RESERVATION OF RIGHTS

23.     By filing the Notice of Removal, UPS does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.  UPS intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

24.     If the Court should be inclined to remand this action, UPS requests that the Court issue an Order to Show Cause why the case should not be remanded, providing UPS an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate

25.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, UPS requests that the United States District Court for the District of New Hampshire assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated:  August 17, 2022

Respectfully submitted,

UPS SUPPLY CHAIN SOLUTIONS, INC.

By its attorneys,


/s/ Melinda J. Caterine
Melinda J. Caterine (NH Bar No. 16664)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  207.774.6001
mcaterine@littler.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2022, a true and accurate copy of the foregoing pleading, filed through the ECF system, will be sent via first-class mail to:

Nancy Richards-Stower, Esquire
Law Offices of Nancy Richards-Stower
136 Portland Street
Yarmouth, ME 04096


/s/ Melinda J. Caterine
Melinda J. Caterine (NH Bar No. 16664)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  207.774.6001
mcaterine@littler.com

6